UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AUTO-OWNERS INSURANCE
COMPANY and SOUTHERN-OWNERS
INSURANCE COMPANY,

    Plaintiffs,

v.                                                   Case No:   6:18-cv-2065-Orl-40TBS

JAMES W. NOBLE, KEVON O. LINDSEY
and TONYA ROSSMAN,

    Defendants.

## ORDER

This case invokes the Court's diversity jurisdiction (Doc. 1, ¶ 2). Plaintiffs Auto-Owners Insurance Company and Southern-Owners Insurance Company seek a declaratory judgment that certain policies of insurance they issued do not provide coverage in a personal injury case brought by Tonya Rossman as Personal Representative of the Estate of David P. Rossman (Id.). The Personal Representative has answered Plaintiffs' complaint and interposed as affirmative defenses:

> 3. To the extent the estate may have been, or may be, entitled to recover workers' compensation benefits from RWA, the availability or receipt of such benefits is irrelevant to this proceeding and the coverage issues to be determined, since the underlying complaint seeks damages under Florida's Wrongful Death Act, and not Florida's Workers' Compensation Law.
>
> 4. The estate reserves the right to seek an award of attorney's fees under section 627.428, Fla. Stat.

(Doc. 28 at 7). Now, Plaintiffs seek an order striking the third affirmative defense on the ground that it is simply a denial of certain averments in their complaint (Doc. 35, ¶ 7).

Plaintiffs seek an order striking the fourth affirmative defense because it does not allege any basis to avoid their claims (Id., ¶ 8).

The motion to strike is insufficient as a matter of law. "It is a long-recognized principle that federal courts sitting in diversity 'apply state substantive law and federal procedural law.'" Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co., 559 U.S. 393, 417, 130 S.Ct. 1431, 176 L.Ed.2d 311 (2010) (quoting Hanna v. Plumer, 380 U.S. 460, 465, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)). Plaintiffs have not cited any federal rule or decision in support of their motion. Instead, they rely solely on BPS Guard Servs, Inc. v. Gulf Power Co., 488 So.2d 638 (Fla. 1st DCA 1986) (Doc. 35, ¶ 5).

In addition to arguing the wrong law, "[i]n a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a single document not more than twenty-five (25) pages." M.D. Fla. Rule 3.01(a). Plaintiffs' reliance on a single, inapplicable case, does not satisfy the Court's Local Rule.

Federal Rule of Civil Procedure 12(f) authorizes district courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a motion to strike "is to 'clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.'" Wiand v. Wells Fargo Bank, N.A., 938 F. Supp. 2d 1238, 1250 (M.D. Fla. 2013) (quoting Slone v. Judd, No. 8:09-cv-1175-T-27TGW, 2009 WL 5214984, at *1 (M.D. Fla. Dec. 29, 2009)). Absent a showing of prejudice, a motion to strike does nothing to advance the litigation, and the Court will not strike allegations "to merely polish the pleadings." Duramed Pharmaceuticals, Inc. v. Watson Laboratories, Inc., No. 3:08-CV-00116-LRH-RAM, 2008

WL 5232908, at *4 (D. Nev. Dec. 12, 2008); see also Michael v. Clark Equipment Co., 380 F.2d 351, 352 (2d Cir. 1967) (Time spent trying to get the pleadings in better shape "is usually wasted.").

Striking an affirmative defense is a "drastic remedy to be resorted to only when required for the purposes of justice." Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla., 306 F.2d 862, 868 (5th Cir. 1962).[1] Consequently, motions to strike are ordinarily "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Id. This explains why motions to strike are generally disfavored and are often considered "time wasters." Somerset Pharm., Inc., v. Kimball, 168 F.R.D. 69, 71 (M.D.Fla.1996); Carlson Corp. v. The School Bd. of Seminole Co., Fla., 778 F.Supp. 518, 519 (M.D. Fla. 1991).

This motion illustrates the point. In addition to not knowing what law applies or providing the Court a real memorandum of law, Plaintiffs do not claim they are prejudiced by the personal representative's third and fourth affirmative defenses. For these reasons, Plaintiffs' Motion to Strike Defendant, Tonya Rossman's Affirmative Defenses Numbered Three and Four (Doc. 35), is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on February 19, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties

---

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.